321 So.2d 808 (1975)
Carolyn T. Thomas, wife of/and Harold F. THOMAS
v.
ALLSTATE INSURANCE COMPANY and Joseph R. Davis.
No. 7064.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
*809 Arnold & Giepert, Melvin J. Giepert, New Orleans, for plaintiffs-appellants.
Murphy & Simon, E. Kelleher Simon, New Orleans, for defendant-appellee, Allstate Ins. Co.
Before REDMANN, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
Carolyn T. Thomas was injured in an automobile accident while driving her personal automobile on a mission for her employer. A suit filed against the employer's insurer in which recovery is sought under the uninsured motorists provisions of the employer's policy was dismissed by the trial court. Plaintiffs appeal.
It is plaintiff's contention that her employer's fleet insurance policy contains liability coverage for employees driving nonowned (not owned by the employer) automobiles on employer's missions. According to plaintiffs, under LSA-R.S. 22:1406(D) (1),[1] an insurer providing liability coverage has the responsibility of providing uninsured motorists protection unless coverage is rejected.
Defendant, Allstate, contends that liability insurance coverage was provided to the employer and not to the employee. Therefore, defendant argues, it is not responsible for providing the employee with uninsured motorists coverage. Allstate also maintains that plaintiffs do not qualify for uninsured motorists coverage under the terms of the insurance policy for the reason that (1) plaintiffs' vehicle is not an insured highway vehicle covered under the uninsured motorists provisions of the policy which defines an insured highway vehicle as "any automobile owned by the named insured" and (2) plaintiff is not a person insured under the uninsured motorists coverage which defines such person as the named insured, a designated insured or any other person occupying an insured highway vehicle.
We are unable to consider the contentions raised by the parties. It is necessary to ascertain initially whether the insurance policy provides liability coverage to the employee, or protects the employer against an employee's negligent act while *810 driving a non-owned vehicle. LSA-R.S. 22:1406(D)(1) requires that uninsured motorists coverage be provided to those persons who are insured under a policy providing for liability insurance. Simply stated: If the policy provides liability insurance for the protection of the employee, then under the statute, uninsured motorists coverage must be provided to the employee. If, on the other hand, the liability coverage under the policy is for the protection of the employer, then under the statute, uninsured motorists coverage must be provided only to the employer.
Plaintiffs' suit was dismissed on motion for summary judgment. Attached to the motion are copies of a portion of the policy. Unfortunately, the pertinent provisions of the policy which define and designate the individuals covered by liability insurance are not included in the attachment. Because we are unable to ascertain whether the policy provides liability coverage for the employer or the employee, we are unable to determine whether LSA-R.S. 22:1406(D)(1) requires uninsured motorists protection for the employer or the employee.
Under the circumstances, it is necessary that we remand this matter to afford the parties an opportunity to introduce the insurance policy in its entirety in order to ascertain to whom liability coverage is afforded.
Accordingly, the judgment maintaining defendant's motion for summary judgment and dismissing plaintiffs' suit against Allstate Insurance Company is annulled and set aside. It is now ordered that the matter be remanded to permit the attachment of a copy of the entire insurance policy to defendant's motion for summary judgment and for any other purpose that the nature of the proceeding may require.
Judgment set aside and remanded.
NOTES
[1] LSA-R.S. 22:1406(D)(1) reads as follows:

§ 1406. Specific duties of casualty and surety insurance division
"* * *
"D. (1) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage or selects lower limits."