WATSON, Judge.
Plaintiff, John Ray Langston, individually, and on behalf of his two minor children, Latonia Kay and John Ray, Jr., filed this suit to recover damages for the death of his wife Judith and personal injuries of the two children in an automobile accident on March 18, 1977. At the time of the accident, Judith was driving a Langston family Mercury automobile. The driver of the other vehicle involved in the accident, Alpha Manuel, was insured by defendant, State Farm Mutual Automobile Insurance Company, but was alleged to be an underinsured motorist. The trial court granted a motion for summary judgment by defendant, Toledo National Insurance Company, which insured another Langston automobile, a 1976 Ford pickup, not involved in the accident. Plaintiff Langston has appealed.
The only issue is whether there is uninsured motorist coverage under the Toledo policy.
The Toledo policy states that the designated person insured for uninsured motorist coverage is John R. Langston but also provides uninsured motorist coverage for the spouse and relatives of the named and designated insured residing in the same household. [Section C — 11(a)]. Thus, Judith Langston was covered by the terms of the policy unless otherwise excluded.
Toledo’s counsel contends that Judith Langston was excluded by C — 1(b) of the uninsured motorist section of the policy, which states:
“This insurance does not apply:
* * * * * *
*651 “(b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured, any designated insured or any relative resident in the same household as the named or designed insured, or through being struck by such a vehicle, but this exclusion does not apply to the named insured or his relatives while occupying or if struck by a highway vehicle owned by a designated insured or his relatives;”
Since the above quoted exclusion does not apply to the relatives of the named insured, here Mrs. Langston and the two children, while occupying a vehicle owned by the designated insured, here John Langston, the policy by its terms provides uninsured motorist coverage to Judith Langston and the two minor children. Counsel for Toledo relies on Thomas v. Allstate Insurance Company, 321 So.2d 808 (La.App. 4 Cir. 1975). However, the claimant in Thomas was not a person insured under Allstate’s uninsured motorist coverage and contended that she had uninsured motorist coverage under LSA-R.S. 22:1406.D because insured under the liability provisions of the policy.[1] Here, uninsured motorist coverage is provided by the policy rather than the statute. Since there is uninsured motorist coverage under the Toledo policy, the trial court erred in granting Toledo’s motion for summary judgment.
For the foregoing reasons, the judgment of the trial court herein is reversed and the matter is remanded for further proceedings. All costs of the motion for summary judgment and this appeal are assessed to defendant-appellee, Toledo National Insurance Company; other costs to await final disposition.
REVERSED AND REMANDED.

. The pertinent statute in the instant case is LSA-R.S. 22:1406.D, prior to its 1977 amendment, effective September 9, 1977.