BYRNES, Judge.
In this appeal Mattie Franklin, plaintiff/appellant, seeks reversal of a ruling in the trial court granting an exception of no cause of action as to defendant/appellee Charity Hospital, and of a judgment dismissing her claim against Travelers Ins. Co., insurer of Charity Hospital. We affirm.
On August 19, 1978 Mattie Franklin, an employee of Charity Hospital, was involved in an automobile accident on Interstate 10 in New Orleans. Ms. Franklin sued the Dept, of Health and Human Resources the state agency which runs Charity Hospital, and Travelers Insurance Co., the liability insurer of Charity Hospital, alleging a tor-tious failure to provide uninsured motorist coverage on the State vehicle which she was driving. Alternatively she alleged that rejection of uninsured motorist coverage by the State breached some undefined contractual duty owed her by Charity Hospital. We find both contentions to be without merit.
It is uncontested that Ms. Franklin was in the course and scope of her employment for Charity Hospital when she was injured. This is admitted in paragraph 15 of her original petition and in the brief filed on her behalf in this court. Under Louisiana law an employee’s exclusive remedy against his employer for an injury received while acting within the course and scope of his employment is the right to compensation. La.R.S. 23:1032. This rule applies to State employees as well as to private employees. La.R.S. 23:1034. Wright v. Moore, 380 So.2d 172 (La.App. 1st Cir. 1979); Shepard v. Louisiana Power and Light Co. Inc., 369 So.2d 1196 (La.App. 2nd Cir.1979). An employer who is subject to liability for compensation benefits cannot generally be held liable in tort to the injured employee La.R.S. 23:1032. Because Ms. Franklin’s tort action against the State does not fall within any of the exceptions to R.S. 23:1032 it was barred by operation of law. Nugent v. Executive Officers of Har-ter Oil Co., 396 So.2d 537 (La.App. 3rd Cir.1981). Moreover, the tort immunity provided by 23:1032 is not personal to the employer but may also be invoked by its’ liability insurer. Bowman v. Early American Insurance Co. of Montgomery Ala., 397 So.2d 28 (La.App. 2nd Cir.1981); Kelly v. M & M Dodge, 370 So.2d 1267 (La.App. 3rd Cir.1979); Guidry v. Aetna Casualty Surety Co., 359 So.2d 637 (La.App. 1st Cir.1978). Accordingly Ms. Franklin’s tort suit against both Travelers and Charity Hospital was properly dismissed.
*245 In addition the State had executed a valid waiver of uninsured motorist coverage pursuant to La.R.S. 22:1406. This waiver was in effect at the time of Ms. Franklin’s injury. Thus, even were we to find that this case did not fall under the exclusivity provisions of R.S. 23:1032 there would be no uninsured motorist coverage available to appellant. On appeal Ms. Franklin has urged that she, as the ultimate beneficiary of the insurance coverage, should have been the one to execute the waiver, relying on Thomas v. Allstate Ins. Co., 321 So.2d 808 (La.App. 4th Cir.1975) This reliance is misplaced. In Thomas there was no waiver of the uninsured motorist coverage by the employer. The question there concerned who the policy was intended to protect in the absence of a waiver. As the named insured the State had the right to waive uninsured motorist coverage. La.R.S. 22:1406 D(1)(A). We find that the policy was intended to protect the State from claims arising out of the ownership and operation of State vehicles, and to indemnify parties injured by those activities. It was not intended to indemnify an employee for injuries received in the course and scope of his employment. The policy itself in Sec. A. 1(b). specifically excludes from coverage any liability arising out of the provisions of the workman’s compensation law.
Appellant’s contention that the State or Travelers Insurance Co. is under a duty to inform its’ employees of the nature and scope of insurance coverage- on its’ vehicles is also without merit. Appellant admits in brief that there is no statutory requirement of such notice. In the absence of such an expression of legislative intent we decline to create such a duty. Lee v. Peerless Insurance Co., 248 La. 982, 183 So.2d 328 (1966); State ex rel. Cruse v. LaSalle Parish School Board, 35 So.2d 608 (La.App. 2nd Cir.1948); Mitchell v. Maxey, 11 La.App. 317, 123 So. 436 (2nd Cir.1929).
Because we have found that La.R.S. 23:1032 grants immunity from tort suit to Charity Hospital we affirm the action of the trial court dismissing Charity Hospital on an exception of no cause of action. We also uphold the action of the trial court dismissing Travelers Insurance Co. since we find no genuine issue of material fact such as would preclude summary judgment. Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law C.C.P. Art. 966. In this case the State of Louisiana executed a valid waiver of uninsured motorist coverage. This waiver is contained in the record and is attached to the policy. We have found that this policy was not intended to cover injuries to employees such as Ms. Franklin’s which are covered by workmen’s compensation. Moreover, as discussed above, Travelers Insurance Co. enjoys the same immunity from tort suit as the State of Louisiana under La.R.S. 23:1032.
These conclusions leave no genuine issue of material fact concerning Travelers right to a dismissal. Accordingly we affirm the action of the trial court.
Cost of this appeal are to be borne by appellant.
AFFIRMED.