504 So.2d 558 (1986)
Andrew P. BABIN and Patsy L. Babin
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Wendy Ann Crabb Touchet, Individually and as Tutrix of the Minor Children, Eric Paul Touchet and Tricia Ann Touchet, and Angelina Casualty Insurance Co.
No. 86 CW 0074.
Court of Appeal of Louisiana, First Circuit.
October 27, 1986.
On Rehearing January 22, 1987.
Rehearing Denied March 11, 1987.
Writ Denied April 20, 1987.
Danny L. Lirette, Houma, for plaintiffs and appelleesAndrew P. Babin and Patsy L. Babin.
Robert A. Redwine, New Orleans, for defendant and appellantAngelina Cas. Co.
Before EDWARDS, WATKINS and PONDER[*], JJ.
WATKINS, Judge.
Andrew Babin was hired by Southland Truck Line, Inc. to haul certain goods. Babin was driving his own truck which was under lease to Southland. While in the course of his employment, Babin was involved *559 in a two car collision. The driver of the other car, Ernest P. Touchet, crossed the center line of the highway, causing the head-on collision. Babin suffered injuries in the accident, and Touchet was killed.
Babin began collecting worker's compensation benefits under the policy issued to Southland by Hartford Accident & Indemnity Company. Babin filed suit in the Thirty-Second Judicial District Court against Touchet's insurer, State Farm Mutual Automobile Insurance Company; Wendy Ann Crabb Touchet, Touchet's widow who was sued individually and as tutrix of her minor children; and Angelina Casualty Insurance Company, Southland's liability insurer. The plaintiff sought recovery from Angelina as the uninsured/underinsured motorist carrier for Southland. The plaintiff amended his petition to add State Farm, his own U/M carrier. Hartford intervened to recover for any sums paid under worker's compensation.
Angelina filed a motion for summary judgment, arguing there was no genuine issue of material fact as to whether there was coverage under the Angelina policy. The Angelina policy made no mention of uninsured motorist coverage, but U/M coverage was automatically "written into" the policy by virtue of LSA-R.S. 22:1406 D, since there was no waiver of U/M coverage. Angelina argues the policy specifically excludes coverage of injuries to employees arising out of accidents which occur in the course of employment.
The trial court heard the motion and denied it on November 21, 1985. Angelina, relator herein, sought writs on the denial of the motion for summary judgment. We set aside the judgment of the trial court and dismissed the suit. Plaintiff sought writs from the Louisiana Supreme Court, which remanded the matter to us for briefing, argument and opinion.
LSA-R.S. 22:1406 D(1)(a) states in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.... (Emphasis added).
In Thomas v. Allstate Insurance Company, 321 So.2d 808 (La.App. 4th Cir.1975), the factual situation was very similar to the instant case. An employee was injured in an automobile accident while driving her personal automobile on a mission for her employer. She brought suit against her employer's insurer seeking recovery under the uninsured motorists provision of the employer's policy. Although the summary judgment which had been granted in the trial court had to be set aside because the appellate court did not have the insurance policy as part of the record, the court in dicta made the following interpretation of LSA-R.S. 22:1406 D(1):
It is necessary to ascertain initially whether the insurance policy provides liability coverage to the employee, or protects the employer against an employee's negligent act while driving a non-owned vehicle. LSA-R.S. 22:1406 (D)(1) requires that uninsured motorists coverage be provided to those persons who are insured under a policy providing for liability insurance. Simply stated: If the policy provides liability insurance for the protection of the employee, then under the statute, uninsured motorists coverage must be provided to the employee. If, on the other hand, the liability coverage under the policy is for the protection of the employer, then under the statute, uninsured motorists coverage must be provided only to the employer.
Id., 321 So.2d at 809-810.
The policy issued by Angelina to Southland in Part IV D 2 provides as follows in defining "WHO IS INSURED":

*560 2. Anyone else is an insured while using with your permission a covered auto you own, hire or borrow except:
a. The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.
Thus, as Babin, Southland's employee, was driving with Southland's permission a truck hired by Southland from Babin, Babin was not an insured under Angelina's policy, and did not enjoy the benefit of uninsured motorist coverage written into all policies of motor vehicle liability insurance unless there is a waiver thereof. See Thomas, supra; cf. Franklin v. Charity Hospital of Louisiana, 422 So.2d 243 (La. App. 4th Cir.1982), writ denied, 423 So.2d 1184 (1982). The liability portion of the policy simply was not intended to cover the owner of a vehicle who is Southland's employee who hired the vehicle to Southland before using that vehicle with Southland's permission.
LSA-C.C.P. art. 966 states that if there are no genuine issues of material fact, and mover is entitled to judgment as a matter of law, summary judgment should be granted. The pleadings demonstrate as a matter of law, that relator is entitled to summary judgment. There are no questions of fact remaining, and the contract clearly does not afford coverage of the plaintiff.
The judgment of the trial court is therefore set aside, summary judgment granted in favor of Angelina and plaintiff's suit dismissed, at plaintiff's cost.
REVERSED.
EDWARDS, J., concurs in the result. I believe the better approach to this issue is through the Workers' Compensation exclusion, LSA-R.S. 23:1032, as in Franklin v. Charity Hosp., 422 So.2d 243 (La.App. 4th Cir.1982).

ON REHEARING
PER CURIAM.
To recapitulate briefly, Angelina filed a motion for summary judgment to cause to be dismissed the cause of action of Andrew P. Babin and Patsy L. Babin against Angelina. The trial court denied the motion for summary judgment. We granted writs and dismissed plaintiffs' suit. Plaintiffs applied to the Louisiana Supreme Court for writs, which were granted, the case being remanded to us for briefing, argument, and opinion. After argument, we granted summary judgment, on the ground that under policy language, plaintiff Babin was not an insured, and hence under Thomas v. Allstate Insurance Company, 321 So.2d 808 (La.App. 4th Cir.1975) not entitled to uninsured motorist coverage under LSA-R.S. 22:1406 D(1)(a). We now hold that under language of an endorsement to the policy issued by Angelina to Southland, Babin was an insured, and entitled to uninsured motorist coverage.
The endorsement contains the following listing of persons who are insured under the policy:
Persons Insured
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured;
(b) any partner or executive officer thereof;
(c) any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such operation person shall be an insured only if he is:
(1) a lessee or borrower of the automobile, or
(2) an employee of the named insured or of such lessee or borrower; or
(3) a person or organization or any agent or employee thereof engaged in the business of transporting property by automobile for the named insured or for others;
(d) any other person or organization but only with respect to his or its liability *561 because of acts or omissions of an insured under (a), (b) or (c) above.
Babin was operating a hired automobile with the permission of Southland. Hence, he was an insured under the Angelina policy, unless he falls under an exclusion.
Angelina argues that Babin is not entitled to coverage because of the following exclusion contained in the Angelina policy:
C. WE WILL NOT COVEREXCLUSIONS.
This insurance does not apply to:
* * * * * *
5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits.
Angelina argues that Exclusion C5 has the effect of excluding Babin from coverage for injuries sustained by Babin while he was in the course of his employment with Southland. However, Exclusion C5 is an exclusion from coverage for personal liability on the part of an insured for injury to another insured while that other insured is in the course of his or her employment. Under Thomas, supra, as well as under the clear language of LSA-R.S. 22:1406 D(1)(a), if Babin is insured against liability to a third person who is not a fellow employee, regardless of whether or not liability on the part of a fellow employee who is also an insured under the policy would be covered as to personal injury to Babin, Babin is an insured, not subject to the quoted exclusion, and hence entitled to uninsured motorist protection under the policy and under LSA-R.S. 22:1406 D(1)(a). We therefore find that summary judgment was properly denied on the principal ground set forth by Angelina. Angelina, also urges other grounds for summary judgment which, because of the paucity of facts before us, must await determination on a trial on the merits.
Our original judgment rendered after writs from the Louisiana Supreme Court is set aside, and the judgment of the trial court in denying summary judgment is affirmed and reinstated, all costs to await final determination of the matter.
JUDGMENT OF THE TRIAL COURT REINSTATED.
ON APPLICATION FOR REHEARING.
Rehearing Denied.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.