858 So.2d 671 (2003)
Jack and Paula SMITH, et al.
v.
TERREBONNE PARISH CONSOLIDATED GOVERNMENT, et al.
No. 2002 CA 1423.
Court of Appeal of Louisiana, First Circuit.
July 2, 2003.
*672 Scott E. Oliphant, New Orleans, Counsel for Plaintiffs/Appellants Jack and Paula Smith, et al.
Thomas S. Morse, New Orleans, Counsel for Defendant/Appellee Progressive Security Insurance Company.
E. James Gaidry, Jr., Houma, Counsel for Defendant/Appellee Terrebonne Parish Consolidated Government.
Michael G. Gee, Thibodaux, Counsel for Defendant/Appellee Allstate Ins Co./Keith Cunningham.
Before: PARRO, MCDONALD, and CLAIBORNE,[1] JJ.
MCDONALD, J.
Plaintiffs appeal the trial court's judgment finding that uninsured/underinsured motorist coverage had been validly rejected and granting summary judgment in favor of their automobile insurer. We affirm.

FACTS AND PROCEDURAL HISTORY
In September 1999, Paula Smith contracted with Progressive Security Insurance Company (Progressive) to provide insurance coverage on two family automobiles, with herself, her husband, Jack, and their adult son, Michael listed as drivers. The policy contained an "Uninsured/Underinsured Motorist Bodily Injury Coverage Form" signed by Paula Smith rejecting UMBI coverage. On May 3, 2000, an automobile in which Michael Smith was a passenger was involved in a one-car accident. Michael sustained massive injuries *673 and died the next day. Jack and Paula Smith filed suit, individually, and as representatives of their deceased son, against the operator of the vehicle and his insurer, the parish government that maintained the road, and the Smiths' insurer, Progressive.
Progressive filed a motion for summary judgment in October 2001, alleging that Paula Smith had rejected uninsured/underinsured motorist (UM) coverage when she applied for automobile insurance and that the automobile liability insurance policy written by Progressive covering the Smiths' vehicles did not provide for such coverage. Therefore, Progressive was entitled to summary judgment dismissing the Smiths' claims. The Smiths opposed the motion for summary judgment claiming that Paula Smith was not the "named insured" on the policy, and therefore could not legally reject UM coverage on behalf of her adult son. It was also maintained that the insurance company representative had told Paula Smith that since Michael lived with them he must be covered under "her husband's" insurance policy even though Michael owned his vehicle.
Judgment and written reasons for judgment were rendered by the trial court finding in favor of Progressive, dismissing with prejudice all claims based on UM coverage, and designating the judgment a final judgment within the meaning of La. C.C.P. art. 1915(B)(1). Thereafter this devolutive appeal was perfected.

LAW AND ANALYSIS
Appellate courts review a summary judgment de novo under the same criteria used by the district court which determined that summary judgment was appropriate. Baker v. Maclay Properties Co., 94-1529 (La.1/17/95), 648 So.2d 888, 893. The trial court's written reasons for judgment were thorough and well reasoned, and we adopt them as our own:
Louisiana Code of Civil Procedure article 966 declares that summary judgment procedure is favored in Louisiana and shall be construed to accomplish the just, speedy, and inexpensive determination of judicial proceedings. The party requesting summary judgment is entitled to the same as a matter of law if the pleadings, depositions, answers to interrogatories, admissions, and affidavits furnished by the parties show that there is no genuine issue as to material fact. Ordinarily, the burden of proof to make such a showing is on the movant. However, if the movant will not bear the burden of proof at trial, the movant's burden on the motion for summary judgment is merely to show an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.
In this case, the movant, Progressive, will not bear the burden of proof at trial. The plaintiffs, Mr. and Mrs. Smith, will bear the burden of proving all the elements of their case by a preponderance of the evidence. In order to prevail on its motion for summary judgment, Progressive must show an absence of factual support for one or more of the elements essential to the plaintiffs' claims against Progressive under the uninsured or underinsured motorist coverage in the policy at issue. To that end, Progressive has asserted and bears the burden of proving that no uninsured or underinsured motorist coverage existed under its policy. A summary judgment may be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or the amount of damages. Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation *674 of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Gaylord Chemical Corporation v. ProPump, Inc., 753 So.2d 349 (La.App. 1st Cir. 2000).
The court has thoroughly reviewed all of the pleadings, evidence, and memoranda offered by the parties, and has thoroughly considered the arguments of counsel. As explained herein below, the court finds that the movant, Progressive, has proved the requisite lack of genuine issue of material fact, the consequence of which compels this court to grant Progressive's motion for summary judgment. Specifically, the court finds that uninsured and underinsured motorist coverage under the policy at issue was validly rejected.
The evidence reveals that Progressive issued an automobile insurance policy numbered XXXXXXXX-X to the named insured, Jack Smith, with coverage effective September 21, 1999, to September 21, 2000. Coverage was provided with regard to two vehicles and the listed drivers were the plaintiffs, Mr. and Mrs. Smith, and the deceased, Michael H. Smith. The declarations page of the policy reflects that uninsured and underinsured motorist coverage was rejected and no premium was charged for such coverage.
By way of a document entitled "Uninsured/Underinsured Motorist Bodily Injury Coverage Form" dated September 20, 1999, the plaintiff, Paula Smith, rejected such coverage under the policy at issue by placing her initials in a blank space next to a statement declaring, "I do not want UMBI Coverage," and signing the form below a declaration confirming her decision to reject such coverage. In pertinent part the declaration reads as follows: "The choice I made by my initials on this form will apply to all persons insured under my policy."
According to Mrs. Smith's deposition testimony of August 7, 2001, she historically handled insurance matters for her family and she placed the automobile liability insurance coverage for the family with Progressive through a local insurance agency. The matter of uninsured and underinsured motorist coverage was specifically discussed with a representative of the agency and Mrs. Smith understood the coverage would not be included in the policy. Mrs. Smith confirmed that she initialed and signed the rejection form. Mrs. Smith did explain, however, that she did not understand uninsured or underinsured motorist coverage and that no one at the insurance agency explained it to her.
The only reasonable interpretation of the policy at issue, based on the documents submitted, is that uninsured and underinsured motorist bodily injury coverage was rejected. There appears to be no doubt that Mrs. Smith rejected such coverage, and it is of no consequence that she lacked an understanding of the effect of her decision. A person who signs a written document is presumed to have knowledge and understanding of that which he signs. Because the rejection form signed by Mrs. Smith in this case is easily understood and self-explanatory, and is neither confusing or misleading, she is bound by the effect of the document even if she in fact did not understand the effect of signing the same. Oncle (sic) v. The Aetna Casualty and Surety Company, 417 So.2d 471 (La.App. 1st Cir. 1982).
However, the issue presented by way of the motion for summary judgment filed by Progressive questions the validity of the rejection of uninsured and underinsured *675 motorist bodily injury coverage by Mrs. Smith to the extent her rejection of coverage constitutes a rejection of such coverage by or on behalf of her son, Michael H. Smith. Progressive argues that the rejection of coverage by Mrs. Smith operates as a rejection of coverage by all persons insured under the policy, including Michael H. Smith. The plaintiffs argue that Michael H. Smith did not reject such coverage personally and that his mother's rejection of such coverage was without effect as to him.
The statutory provisions which dispose of the issue raised by the parties in this case are La. R.S. 22:1406(D)(1)(a)(i) and (ii), which provide in pertinent part as follows:
"D. The following provisions shall govern the issuance of uninsured motorist coverage in this state:
(1)(a)(i) ... however, the coverage provided under this Subsection is not applicable when any insured named in the policy ... rejects coverage ... in the manner provided in Item D (1)(a)(ii) of this Subsection...
(ii) ... The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative...
The above-quoted statutes clearly provide that uninsured and underinsured motorist coverage is not applicable when any insured named in the policy rejects coverage...
Appellant asserts that the court erred by liberally interpreting the ambiguity contained in La. R.S. 22:1406(D)(1)(a)(i) and (ii) in favor of a waiver and against UM coverage. Appellant argues that such a judgment is contrary to proper methods of statutory construction and disregards the strong public policy that mandates that ambiguities regarding UM coverage are always resolved in favor of coverage and not in favor of the insurer. Further, it is maintained, that the "law imposes UM coverage in this state notwithstanding the language of the policy, the intentions of the parties, or the presence or absence of a premium charge or payment," citing Giroir v. Theriot, 513 So.2d 1166, 1168 (La. 1987), and Roger v. Estate of Moulton, 513 So.2d 1126, 1131-32 (La.1987). It is important to note, however, that while the law does provide for and/or favor the inclusion of UM coverage, it does not infringe on the right to contract, nor make it unlawful to reject UM coverage. See La. C.C. art.1971. It is not the province of the courts to relieve a party of a bad bargain, no matter how harsh. Sunrise Construction and Development Corporation v. Coast Waterworks, Inc., XXXX-XXXX (La. App 1st Cir. 6/22/01), 806 So.2d 1, 5.
UM coverage may be declined when "any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item D (1)(a)(ii)." La. R.S. 22:1406(D)(1)(a)(i). Item (D)(1)(a)(ii) provides in pertinent part: "[A]fter September 1, 1987, such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative." Many of the cases relied on in plaintiff's brief predate to the statutory requirement for a specified form and turned on the decision that the evidence offered by the insurer for the rejection of UM coverage by the insured did not conform to the "clear and unmistakable" waiver of coverage legally required or failed in some other respect, e.g., by not providing consideration of all available options.
*676 Further, we find no ambiguity in the statute. The First Circuit has addressed the issue of a possible conflict in the provisions of subsection (D)(1)(a)(i) and (ii) and concluded that reading the provisions together results in a clear, unambiguous understanding of how UM coverage is validly waived. Bel v. State Farm Mutual Automobile Insurance Company, XXXX-XXXX (La.App. 1st Cir.2/14/03), 845 So.2d 459. The law allows any insured named in the policy to reject UM coverage if it is done in writing on the prescribed form. The contract of insurance covering the Smiths' vehicles did not provide UM coverage because it was waived by Paula Smith, validly, in conformity with La. R.S. 22:1406(D)(1)(a)(ii). The terms of the automobile insurance policy issued by Progressive pursuant to the application and purchase of the policy by Paula Smith applied to all listed drivers. As an insured named in the policy, she had the authority to reject UM coverage for them all, and she did so. In fact, altering the policy to provide different terms regarding the inclusion/exclusion of UM coverage on Michael only, would probably have required a separate policy. The fact that Michael may have chosen to purchase a different policy is not material to a decision on this matter.
Therefore, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the Smiths.
AFFIRMED.
PARRO, J., concurs.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.