Lenny **VIOLA, Individually, and on Behalf of his Minor Children Vincent James Viola and Kerri Ann Viola, and as Tutor of the Minor Nicole Leann Hendricks,**

v.

**ETATE OF Terry WILLIAMS and Home State County Mutual Insurance Company.**

**Civil Action No. 00–634–D–M2.**

United States District Court, M.D. Louisiana.

June 28, 2002.

Leonard Cardenas, III, John T. Joubert, Henri Michel Saunders, Cardenas Law Firm, Baton Rouge, LA, for plaintiff.

John Roumain Peters, III, Leake & Andersson, LLP, New Orleans, LA, Byron A. Richie, Charles Vernon Richie, Richie & Richie, Shreveport, LA, for defendant.

## RULING ON MOTIONS FOR DECLARATORY JUDGMENT

BRADY, District Judge.

Tina Viola, a resident of Louisiana, was killed when the automobile she was driving collided with a truck driven by Terry Williams, a domiciliary of Texas, who was intoxicated and traveling in the wrong lane of traffic on I–110 in the city of Baton Rouge. In this accident, Mr. Williams sustained fatal injuries as well. Mr. Williams was in Louisiana working as a foreman for a construction company and he had been residing in Louisiana for some three weeks. The Williams truck was insured at the time of this accident by a policy written by the Home State County Mutual Insurance Company (Home State), the mover herein. The policy had been issued in the State of Texas to Terry Williams' wife, a Texas domiciliary. The plaintiff and cross mover in this matter are Tina Viola's husband, individually and on behalf of his children and a child of Tina's prior marriage (claimants), all of whom are domiciled in Louisiana.

Both the insurer and the claimants have filed motions for declaratory judgment asking this court to interpret provisions of the Home State policy to determine whether the claimants are entitled to the "each person" limits of that policy, or whether the policy provides payment under the "each accident" limits in this case.

The interpretation is significant. If the policy provides only for "each person" limits, then the most that Home State is obligated to pay is $20,071. Whereas, if "each accident" applies then the claimants would be entitled to $40,071.

Home State submits that since it delivered its policy to a Texas insured; that the driver and the policy holder of the insured vehicle at the time of the accident were Texas domiciliaries; that the insured vehicle was registered in Texas, that Texas law and not Louisiana law should govern the interpretation of the policy provisions and that such Texas law would mandate that this court find that the policy provides liability coverage up to the "each person" limits and not the "each accident" limits.

Alternatively, the insurer argues that the same result would be found if this court interprets the policy provisions under Louisiana law.

The claimants counter that Louisiana law should control and that Louisiana law would lead the court to conclude that the "each accident" liability limits would apply to this accident.

For the reasons set forth, I find that Louisiana law applies to the policy interpretation, and that the "each accident" policy limits apply. The basis of these two conclusions is set forth:

1) Conflict of Laws

■ In this case, the accident occurred in Louisiana, the plaintiffs are Louisiana residents, Tina Viola was a Louisiana resident, and Terry Williams, the tortfeasor, was working and residing in Louisiana at the time of the accident.

On the other hand, the Home State Policy was written to provide insurance coverage for a vehicle primarily housed in Texas, to insure Texas domiciliaries, and the tortfeasor driver was domiciled in Texas. The courts of Louisiana, both state and federal, have consistently applied a balancing of interests analysis to determine, in a conflict of laws context, which state has the more significant relationship to the issue. *See Baker v. Lazarus*, 1992 WL 111188 (E.D.La.1992) and cases cited therein. In that case, the District Court conducted a most thorough examination of the jurisprudence relating to whether Louisiana law applies to interpret a foreign insurance contract where there is, as in the present case, a foreign insured tortfeasor and a Louisiana victim plaintiff, or should the foreign state law apply.

In *Baker*, the district court's analysis of such jurisprudence led to the conclusion that both Louisiana state and federal cases have consistently held that

Louisiana law applies. I agree with the analysis and holding of *Baker v. Lazarus* and find that in interpreting the Home State policy, Louisiana law applies.

That determination by me, naturally, does not end the inquiry. I still must determine, if under Louisiana law the policy provides under these facts "per person" or "per accident" limits.

2) Coverage Limits

■ The Home State policy has two provisions that are relevant to the coverage issue related to the facts of this case.

In one part (Part A Liability Coverage A), the policy contains the following language:

"A. We will pay damages for bodily injury or property damage for which any

covered person becomes legally responsible because of an auto accident."

In another provision found on Page 5 of the policy (Limit of Liability A), the policy contains the following:

"A. If separate limits of liability for bodily injury and property damage liability are shown in the Declarations for this coverage the limit of liability for "each person" for bodily injury liability is our maximum limit of liability *for all damages* for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for bodily injury liability is our maximum limit of liability *for all damages* to all property resulting from any one accident."

The claimants argue that while the former quoted policy provision is clear and unambiguous, the latter is not and is susceptible of more than one reasonable interpretation.

The Home State counters that the language is clear and that the policy requires payment only for one bodily injury (death) in this accident, that to Tina Viola, and that the Louisiana wrongful death statute LSA–CCR 2315.2 mandates survivors to recover damages that resulted from that one bodily injury (death). Home State has cited several cases from Louisiana state and federal courts it claims supports its position.

Louisiana Law has long held that if the language of provisions of an insurance policy is ambiguous, the provision is to be construed against the insurer which drafted the policy. Further, the ambiguous provision is to be interpreted in favor of coverage. *Louisiana Insurance Guaranty Association v. Interstate Fire and Casualty Company*, 630 So.2d 759, 763 (La.1994). If however, the policy language is clear and the true intent of the parties can be ascertained, then the court is bound to apply the policy provisions.

I find that the Home State policy provisions relating to the payment for damages is ambiguous and susceptible to more than one reasonable interpretation. I do so for the following reasons.

Louisiana Law, at least since 1999, is that the survival and wrongful death actions set forth in the Louisiana Civil Code, Articles 2315.1 and 2315.2, are ". . . totally separate and distinct causes of action that arise at different times and allow recovery of completely different damages." *Walls v. American Optical Corporation, et al.*, 740 So.2d 1262, 1273 (La.1999).

Claimants maintain that under these provisions of the Civil Code and Louisiana case law, each of the claimants in this suit are entitled to his or her own claim for damages as a result of Tina Viola's death.

Home State submits that the language of its policy limits its payment provisions to the "per person" limit because there was only one bodily injury, that to Tina Viola, and therefore, her legal decedents can claim damages for her death only, and maintain no other claims. For this position Home State relies on several Louisiana cases including *Bel v. State Farm Mutual Automobile Insurance Company, et. al.*, 767 So.2d 965 (LA 1st Cir.2000).

As *Bel* instructs, as have other Louisiana cases, whether claimants may recover under the "per accident" limit as opposed to the "per person" limit depends on the specific language of the policy.

The language of the policy in *Bel* is much different than the language of the Home State policy. The language of the policy provisions in *Bel* are as follows:

\*8 **Bodily Injury**-means physical injury, sickness or disease sustained by a **person.** This includes death that results from it. **Bodily Injury** does not include

emotional distress or mental anguish unless it arises out of actual physical injury to a *person.*

\* \* \*

Limits of Liability Under Coverage U [UM Coverage] 1. The amount of coverage is shown on the declarations page under "Limits of Liability—U—Each Person, Each Accident". Under "Each Person" is the amount of coverage for all damages Due to *bodily injury* to one *person.* *"Bodily injury* to one *person"* includes all injury, including *bodily injury,* and damages to others resulting from this *bodily injury.* Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

The *Bel* policy has a clear definition of "Bodily Injury". The Home State policy does not. The *Bel* policy specifically excluded from bodily injury any claim for emotional distress or mental anguish unless it arises out of actual physical injury to a person, whereas the Home State policy has no such restrictive language. I do not, therefore, find that *Bel* is controlling in this case.

The claimants tell me that the more controlling precedent to be used is *Crabtree v. State Farm Insurance Co.,* 632 So.2d 736 (La.1994). The applicable language of the policy in *Crabtree* reads as follows:

The amount of bodily injury liability coverage is shown on the declarations page under "Limits of Liability–Coverage A– Bodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage [$25,000] for all damages due to *bodily injury* to one *person.* *"Bodily injury* to one *person"* includes all injury and damages to others resulting from this *bodily injury.* Under "Each Accident" is the total amount of coverage [$50,000], subject to the amount shown under "Each Person", for all damages due to *bodily injury* to two or more *persons* in the same accident.

The policy defines "bodily injury" as "bodily injury to a *person* and sickness, disease or death which results from it." [1]

The Supreme Court found that that language, which I find to be clearer and less ambiguous than the Home State policy, did not restrict the claimants to the "Per Person" limits and applied coverage under the "Per Accident" limits for the individual claimants for their claims of mental anguish.

Unlike the language of *Bel* and *Crabtree,* the policy provisions of the Home State policy do not clearly define or limit what damages are payable, nor to whom. The Home State language "the limit of liability shown in the declarations for 'each accident' for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from any one automobile accident" could easily be interpreted as providing coverage for the mental anguish, emotional distress and related claims of those persons such as the claimant and his wards. Paraphrasing *Crabtree,* if Home State had intended "bodily injury to one person" to include "all injury, including bodily injury, and damages to others resulting from this bodily injury", the policy would have so provided.

In summary, I find, under the facts and policy language of this case, that Louisiana

---

1. The State Farm policy held to be ambiguous in *Crabtree* was amended and applied to subsequent policies including the State Farm policy in *Bel.* This amendment was, one would suspect, in response to the holding in *Crabtree.* Home State probably did not consider *Crabtree* when it used the language found in the instant policy.

law applies rather than Texas law and that the Home State policy is ambiguous, and must be construed in favor of coverage for the claimants injuries out of the "Per Accident" limit of that policy.

The cross declaratory judgment of the claimants is **GRANTED** and the declaratory judgment of Home State County Mutual Insurance Company is **DENIED.**

Baton Rouge, Louisiana this 28th day of June, 2002.