|,THOMAS F. DALEY, Judge.
Appellant, Direct General Insurance Company of Louisiana (Direct General), filed a Petition for Concursus in this matter and deposited into the registry of the Court the sum of One Hundred Thousand ($100,000.00) Dollars, representing the “per person” limits of the policy of automobile liability insurance it issued to Delecia Allen, in connection with a motor vehicle accident that occurred in St. James Parish on September 26, 2001, which accident resulted in the death of Eugene Keller.
The biological children and heirs of Eugene Keller, Jr. (Kellers), filed an Answer to the concursus petition and a Reconven-tional Demand in which they claimed that they were entitled to the entire Three Hundred Thousand ($300,000.00) Dollars “per accident” limits of the policy issued by Direct General.
Both Direct General and the Kellers each filed a Motion for Summary Judgment on the issue of whether the “per person” limits of One Hundred Thousand ($100,000.00) Dollars or the “per accident” limits of Three Hundred | .¡Thousand ($300,000.00) Dollars applied to the claims of the Kellers under the policy.
On May 16, 2002, the trial court entered judgment granting the Motion for Summary Judgment of the Kellers and denying the Motion for Summary Judgment of Direct General, in effect finding that the Three Hundred Thousand ($300,000.00) Dollars “per accident” limits of the policy applied.
In the Reasons for Judgment issued on June 17, 2002, the trial judge stated, “the three children of Eugene Keller, Jr. each suffered individual injuries, including the loss of services, as a result of the death of *302 their father.” Further, the trial court stated that “each child suffered bodily injury, as defined by the policy, caused by one car accident.” The judge ordered Direct General Insurance Company to pay policy limits of Three Hundred Thousand ($300,000.00) Dollars to the Kellers.
Direct General appeals the decision of the trial court. Specifically, the trial court’s Order that Direct General pay policy limits of Three Hundred Thousand ($300,000.00) Dollars to the Kellers. Direct General requests that the trial court’s decision to deny its Motion for Summary Judgment be reversed, that the trial court’s Order that Direct General pay policy limits of Three Hundred Thousand ($300,000.00) Dollars to the Kellers be reversed, and the Direct General Motion for Summary Judgment be granted, finding the applicable limits of the policy to be One Hundred Thousand ($100,000.00) Dollars.
The policy of automobile liability insurance issued by Direct General to Delecia Allen provides:
Definitions
Damages means the cost of compensating those who suffer bodily injury or property damage from a car accident.
| ^Liability
Bodily Injury Covered By This Insurance. This insurance covers bodily injury, including loss of services, sickness, disease or death that results from the injury, caused by a car accident and suffered by any person. Bodily injury does not mean a person’s emotional injury or mental anguish which resulted from witnessing an injury to another person or which otherwise resulted from the injury to another person.
Limits of Liability
The limit of liability shown in the declarations for “each person” for bodily injury liability is our maximum limit of liability for all damages for bodily injury to any one person, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one car accident. Subject to this limit for “each person” the limit of liability shown on the declarations for “each accident for bodily injury liability is our maximum limit of liability for all damages resulting from bodily injury sustained by two or more persons in any one car accident.
The accident, which forms the basis of this suit, involved bodily injury to and the death of Eugene Keller, Jr.
Appellants argue that according to the precise terms of the insurance policy the limit for “each person applies to all claims resulting from Eugene Keller, Jr.’s bodily injury.” They point out that the policy specifically states that bodily injury does not mean a person’s emotional injury or mental anguish which resulted from witnessing an injury to another person or which otherwise resulted from the injury to another person. Appellants assert that the damages that the Kellers children are entitled to all involve emotional or mental anguish that resulted from injury to Mr. Keller.
The Kellers children argue that because the terms of the policy include “loss of services” within the definition of “Bodily Injury Covered”, that each of Mr. Keller’s children had an individual claim. The policy states, “This insurance covers bodily injury, including loss of services, sickness, disease or death that results from the injury, caused by a car accident and suffered by any person.”
|sThe Kellers assert that the three children of Eugene Keller suffered individual injuries as a result of his death. These injuries were caused by one car accident; *303 therefore, the policy provides coverage for the injuries the children suffered, i.e., “bodily injury, including loss of services, sickness, disease, or death that resulted from the car accident, as the children’s injuries fit within the policy provision of injuries “suffered by any person”.
In this case, each child suffered bodily injury as defined by the policy, (ie. Loss of services) because of a car accident. All three of the children’s injuries occurred or arose from the car accident that killed their father. These individual injuries to the children entitle each of them to a per person limit on the policy, because of the following provision: “limit liability for all damages resulting from bodily injury sustained by two or more persons in any one car accident.”
Where the language of a policy provision is subject to two reasonable interpretations, then the interpretation, which favors coverage, must be applied, Crabtree v. State Farm Ins. Co., 632 So.2d 736 (La.1994), 745. Since the policy provisions in Crabtree are essentially the same as the provisions in this case the same analysis leads us to the conclusion that under the particular language of this policy each child is entitled to a per person limit of One Hundred Thousand ($100,000.00) Dollars for a total of Three Hundred Thousand ($300,000.00) Dollars.
All parties agree that these plaintiffs must establish the amount of damages to which each is entitled. Thus, the trial court’s ruling on the Motion for Summary Judgment is affirmed, the trial court award of damages is reversed, and the matter is remanded back to the trial court where the case will proceed to trial, so plaintiffs can prove the amount of damages each child suffered as a result of their individual injuries.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.