879 So.2d 233 (2004)
Barry SMITH, Addie Alexander and Keith Smith
v.
Nathaniel WILLIAMS, Jr., Deshauna Johnson and U.S. Agencies Casualty Insurance Company.
No. 2003 CA 0433.
Court of Appeal of Louisiana, First Circuit.
May 14, 2004.
*234 Robert J. Carter, Greensburg, Counsel for Plaintiffs-Appellees Barry Smith, Addie Alexander, and Keith Smith.
Thomas E. Gibbs, Baton Rouge, Counsel for Defendant-Appellant U.S. Agencies Casualty Insurance Company.
Before: FOIL, FITZSIMMONS, GUIDRY, PETTIGREW, and GAIDRY, JJ.
*235 GAIDRY, J.
This appeal involves the validity of a named person exclusion in an automobile insurance policy. Prior to trial on the merits, the trial court granted the plaintiffs' motion for partial summary judgment on the coverage issue, finding the exclusion invalid. Following trial, the trial court rendered judgment in favor of the plaintiffs, reaffirming its earlier ruling and awarding them damages for personal injury. From that final judgment, the defendant insurer appeals only the partial summary judgment and the interlocutory judgment denying its motion for partial summary judgment on the same issue.[1] For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
US Agencies Casualty Insurance Company (U.S. Agencies) issued a policy of automobile liability insurance to DeShauna Johnson on March 15, 2000, providing coverage for her as owner of a 1992 Geo Prizm automobile. On the same date, Ms. Johnson signed a named person exclusion endorsement, excluding coverage for Nathaniel Williams, a resident of her household listed in the policy application, and a form rejecting uninsured motorists (UM) coverage. The policy period was from March 15, 2000, through March 16, 2001.
On April 24, 2000, Ms. Johnson signed an application for the issuance of an endorsement adding a 1972 Chevrolet Impala automobile to the policy. Notably, Ms. Johnson executed a new UM rejection form on that date, but did not execute a new named person exclusion.
On May 19, 2000, Mr. Williams was operating the Chevrolet Impala when it was involved in a collision with a van owned by Barry Smith and operated by Addie Alexander. Keith Smith was a passenger in the van. This action for damages was filed by the van owner and occupants (the plaintiffs) against Mr. Williams, Ms. Johnson, and U.S. Agencies.
US Agencies filed a motion for summary judgment, seeking the dismissal of the plaintiffs' claims against it on the ground that coverage was excluded for Mr. Williams under its policy. The plaintiffs countered with their own motion for partial summary judgment on the same issue, contending the named person exclusion was invalid after the addition of the Chevrolet Impala to the policy. The trial court granted the plaintiffs' motion and denied the motion of U.S. Agencies.
The case proceeded to trial on September 20, 2002, all issues except coverage and quantum of damages being stipulated. On November 20, 2002, the trial court signed its judgment reaffirming its finding of coverage based upon the invalidity of the exclusion and awarding the plaintiffs damages. US Agencies now appeals, assigning as error the trial court's judgment determination that the named person exclusion is invalid as a matter of law.

STANDARD OF REVIEW
The sole issue presented for our consideration is whether the named person exclusion signed by Ms. Johnson on March 15, 2000 was still valid after the addition of a new covered automobile to the policy on *236 April 24, 2000.[2] Because the trial court decided this issue by summary judgment, our review must be de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 230. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Interpretation of an insurance contract is usually a question of law that can be properly resolved in the framework of a motion for summary judgment. Madden v. Bourgeois, 95-2354, p. 3 (La.App. 1st Cir.6/28/96), 676 So.2d 790, 792.

DISCUSSION
On the date the policy at issue was delivered and on the date of the accident, La. R.S. 32:900(L) provided:
Notwithstanding the provisions of Paragraph B(2) of this Section, an insurer and an insured may by written agreement exclude from coverage any named person who is a resident of the same household as the named insured.
Under the unequivocal holding of American Deposit Ins. Co. v. Myles, 00-2457 (La.4/25/01), 783 So.2d 1282, the addition of a new vehicle to be covered created a new policy for purposes of a named person exclusion. The named insured in that case executed two named driver exclusions in 1993, excluding coverage for two children for a 1991 Toyota Camry automobile. The exclusion stated that it was applicable to "all rewrite or renewal policies." At some point after those exclusions were executed, the named insured added a 1994 Lincoln Town Car to the policy. An accident occurred in 1998 when a child named in one of the exclusions, Windy Myles, was operating the original listed vehicle. The following language from that opinion is pertinent here:
When an insured adds a vehicle to the coverage afforded by an existing policy, that action is significant on many levels. The exposure of the insurance company substantially increases from insuring one vehicle to insuring two. By increasing the coverage in such manner, a significant raise in premiums is imposed.... When the vehicle is added, the insured and an agent of the insurer execute a new agreement that operates to create a new coverage over a new automobile.

* * *

[T]he addition of a car in this case after the exclusion was signed in 1993 served to create a new policy requiring a new named driver exclusion if the parties desired that no coverage would attach when Windy Myles operated either the 1991 Toyota Camry or the 1994 Lincoln Town Car. Therefore, the policy in effect at the time of the accident was not a renewal of the 1993 policy. (Our emphasis.)
American Deposit, 00-2457 at pp. 8, 11, 783 So.2d at 1287, 1289.
We reject the argument that the original written named person exclusion of Mr. Williams was effective as to the new policy created under the law applicable to these facts. Contrary to the argument advanced by U.S. Agencies, the factual situation in American Deposit cannot be distinguished from that of the present case by virtue of the limiting language of the exclusion in American Deposit. The supreme *237 court's rationale in American Deposit was that the addition of the new vehicle to the policy is what created a new policy and the need for execution of a new exclusion, and that rationale did not hinge upon whether the exclusion expressly applied to a "new" policy as opposed to a "rewrite" or "renewal" of an existing policy. In other words, its holding was that under the law then in effect, the addition of a new vehicle under the coverage created a new policy, and a new policy required a new named person exclusion. Whether the exclusion purported to apply to only "rewrite" or "renewal" policies or to all future policies involving the original listed automobile was irrelevant to the holding that a new policy was created by the addition of a new listed vehicle.[3]
Further, we find neither the 2001 nor the 2002 amendments to La. R.S. 32:900(L) apply retroactively to change the result in the present case. Louisiana Revised Statutes 1:2 states the general rule that "[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated." The 2001 amendment to La. R.S. 32:900(L) created La. R.S. 32:900(L)(1) and (2), and was expressly intended to overrule the case of Williams v. U.S. Agencies Cas. Ins. Co., Inc., 00-1693 (La.2/21/01), 779 So.2d 729, which held that the named insured could not be excluded under a named person exclusion. But the act was not designated as retroactive, nor was it expressly designated as interpretive or curative. 2001 La. Acts, No. 368, § 1. Its effective date was August 15, 2001, which was after the date of the accident in this case. However, even if it could be construed as retroactive, its language does not affect the pertinent holding of American Deposit as to the creation of a "new" policy, as opposed to a "renewal, reinstatement, substitute or amended policy." See La. R.S. 32:900(L)(2) (2001).
The 2002 amendment to La. R.S. 32:900(L)(2) made a substantive change in the law, providing that a new policy is not created by the addition of a new vehicle and that a new agreement to exclude a named person is not necessary in that event. The amendment, however, was expressly designated as "prospective" and "not retroactive." 2002 La. Acts, 1st Ex.Sess., No. 81, § 2. This is a compelling indication of the necessity of execution of a new named person exclusion in this case, which arose in 2000, in order for coverage for Mr. Williams to have been excluded.
Coverage of a permissive driver as an omnibus insured under an automobile liability policy is mandatory under La. R.S. 32:900(B)(2), with the limited exception provided by La. R.S. 32:900(L). Joseph v. Dickerson, 99-1046, 99-1188, p. 9 (La.1/19/00), 754 So.2d 912, 917. For a named person to be excluded under that exception, it must be in the form of a "written agreement." La. R.S. 32:900(L). To that extent, it is analogous to the signed rejection or selection of lower limits required under La. R.S. 22:1406(D)(1)(a) (now La. R.S. 22:680(1)(a)) to modify the mandatory UM coverage otherwise in the same limits as liability coverage in an automobile policy. Accordingly, it is only logical that the rule requiring the execution of a new UM coverage exclusion or selection *238 of lower limits upon the addition of a vehicle should also be applied in this analogous situation. See Dempsey v. Automotive Casualty Insurance, 95-2108, p. 10 (La.App. 1st Cir.6/28/96), 680 So.2d 675, 680-81; Smith v. Foret, 98-1142, pp. 7-8 (La.App. 1st Cir.5/14/99), 734 So.2d 922, 927.[4] This is precisely what the supreme court held in American Deposit, and as the present cause of action arose prior to the effective date of the 2002 amendment to La. R.S. 32:900(L), the holding in American Deposit clearly controls the result here.

DECREE
The trial court's judgment is affirmed. All costs of this appeal are assessed to the defendant-appellant, U.S. Agencies Casualty Insurance Company.
AFFIRMED.
GUIDRY, J., concurs.
FOIL, J., dissents.
NOTES
[1] An erroneous interlocutory judgment denying a motion for summary judgment may be corrected by review following final judgment. Devers v. Southern University, 97-0259, 97-0260, pp. 15-16 (La.App. 1st Cir.4/8/98), 712 So.2d 199, 209. And since the partial summary judgment in favor of the plaintiffs is being appealed following final judgment on the trial on the merits, that judgment need not be designated as final or "certified" under La. C.C.P. art. 1915(B) for purposes of appeal.
[2] We agree with U.S. Agencies that the issue before us is purely an issue of law, rather than fact.
[3] The identity or similarity in policy numbers before and after the addition of a new covered vehicle is irrelevant to the rule that a new policy is created by adding the new vehicle. The supreme court in American Deposit expressly rejected as "unpersuasive" the argument that the similarity in policy numbers before and after the addition of the new vehicle supported the finding that the policy was a "renewal." American Deposit, 00-2457 at pp. 9-10 n. 5, 783 So.2d at 1288 n. 5. We similarly reject U.S. Agencies' attempt to distinguish its policy here on similar grounds.
[4] Even though that rule of law was legislatively overruled by Acts 1999, No. 732, § 1, amending La. R.S. 22:1406(D)(1)(a)(ii) (now La. R.S. 22:680(1)(a)(ii)), the supreme court in American Deposit expressly found that its rationale retained validity for purposes of named person exclusions. American Deposit, 00-2457 at pp. 10-11, 783 So.2d at 1289. And as the present case arose prior to the effective date of the 2002 amendment to La. R.S. 32:900(L), that rationale is equally applicable here.