JjCLARENCE E. McMANUS, Judge.
The litigation arises out of an automobile accident. On September 24, 2003, Robert Young was killed when the car he was driving was struck in the driver’s side by a dump truck operated by Mark Verrett and owned by Jermaine Roussell. Plaintiff Diane Young, wife of the deceased, was following in a separate vehicle and saw the accident as it occurred.
Mrs. Young and her daughter Diane filed suit against Louisiana Farm Bureau, the Young’s uninsured/underinsured motorist carrier, asserting a claim for Robert’s survival damages[1] and a separate claim for Mrs. Young’s mental anguish and emotional distress, also known as Lejeune[2] damages.
Defendant Louisiana Farm Bureau filed a motion for summary judgment alleging that it had paid $25,000.00, the limit of liability for all damages resulting from the bodily injury to one person, such as the decedent. Defendant asserts that the “each person” limit includes “Lejeune /bystander” damages, and thus the plaintiffs had no further claims against it.
After hearing, the trial court granted defendant’s motion, and dismissed plaintiffs claims. Plaintiffs have appealed from this decision.
| jjThe sole issue in this appeal is whether Mrs. Young’s claim mental anguish, or Lejeune damages, is included in the claim, for “bodily injury” suffered by the decedent.
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits in the record show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
*108 Interpretation of an insurance contract is usually a question of law that can be properly resolved in the framework of a motion for summary judgment. Smith v. Williams, 03-0433 (La.App. 1 Cir. 5/14/04), 879 So.2d 233. An insurer seeking to avoid coverage through summary judgment must prove that some exclusion applies to preclude coverage. Clulee v. Bayou Fleet, Inc., 04-106 (La.App. 5 Cir. 5/26/04), 875 So.2d 878.
An insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code. Clulee, supra. Analysis should begin with a review of the words in the insurance contract, and the contract must be enforced as written when the words are clear and explicit and lead to no absurd consequences. Collins v. Farris, 03-1991 (La.App. 1 Cir. 11/3/04), 897 So.2d 634, 638. If, after applying the other general rules of construction, an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who issued the policy and in favor of the insured. Id.
Mrs. Young contends her separate injury for her mental anguish as a result of witnessing the accident is a separate claim covered under the uninsured/underinsured portion of her automobile policy. In Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94), 632 So.2d 736, the court considered the |4issue of whether a wife’s mental anguish suffered upon witnessing an injury to her husband constitutes a separate bodily injury under an automobile insurance policy thereby entitling the wife to her own per person policy limit subject to the aggregate per accident limit. The court concluded that the wife’s mental anguish did constitute a “bodily injury” within the meaning of the policy, that the claim was not subject to the single person policy limit, and that the claim was suffered within the same accident as that which caused the injury to the husband. The court then held that “the wife’s mental anguish constitutes a separate bodily injury under the policy entitling her to her own per person policy limit subject to the aggregate per accident limit.”
In the case of Campbell v. State Farm Ins. Co., 00-2218 (La.App. 4 Cir. 11/14/01), 804 So.2d 112, the court considered a policy in which State Farm “apparently as a result of Crabtree ” had altered the standard limit of liability under the UM section. The altered policy provided that “ ‘Bodily injury to one person ’ includes all injury, including bodily injury, and damages to others resulting from this bodily injury.” The court found that the language served to “make Lejeune damages not subject to a separate per person limit, instead making ‘bodily injury to one person’ encompass Lejeune claims.”- Id., at 115. See also Bel v. State Farm Mutual Automobile Insurance Company, 99-1922 (La.App. 1 Cir. 9/22/00), 767 So.2d 965, writ denied, 00-2913 (La.2/9/01), 785 So.2d 821.
In the ease sub judice, the policy at issue provides that:
(a) The limit of uninsured motorists liability for bodily injury show on the declarations as applicable to each person is our maximum limit of liability for all damages resulting for bodily injury to any one person incurred in any one accident. The “each person” limit includes, but is not limited to claims for wrongful death, loss of services, loss of consortium, bystander injury, and mental anguish and emotional distress suffered by others. Subject to this limit for “each person”, the limit of uninsured motorist liability shown on the declarations for “each accident”, is our maximum limit of liability for |Rall damages sustained by all persons for bodily injury resulting form any one accident.
*109 Plaintiffs submit that this language does not prohibit her separate Lejeune claim, because the policy does not state that liability is limited for “this bodily injury” as was done in the State Farm policy in CampbeU. We disagree. The policy at issue clearly states that the “each person limit” includes mental anguish and emotional distress suffered by others, which in the instant case is plaintiff who was not involved in the accident, but was following the car that her husband was driving.
In supplemental brief to this Court, plaintiffs argue several cases to support a finding of coverage in this case. We have reviewed these cases, and find each distinguishable from the matter before us.
In the case of In Re Keller, 02-674, 02-823 (La.App. 5 Cir. 12/11/02), 836 So.2d 300, 303, this Court was faced with policy provisions that did not contain the post-Crabtree exclusions.[3] This Court stated that:
Since the provisions in Crabtree are essentially the same as the provisions in this case the same analysis leads us to the conclusion that under the particular language of this policy each child is entitled to a per person limit [.]
In Hardie v. Professional Physical Rehabilitation Hospital, LLC, 04-445 (La.App. 3 Cir. 9/29/04), 883 So.2d 510, the court was faced with the issue of whether mental anguish fell within the definition of “bodily injury.” In finding that mental anguish would be encompassed in the claim for bodily injury, the court said that “We find the Language in this policy more closely analogous to the policy in Crab-tree.”
| In Viola v. Estate of Terry Williams, 223 F.Supp.2d 766 (U.S.M.D.La.6/28/02), the court applied Louisiana law to a policy of insurance issued by Home State County Mutual Insurance Company in Texas. The court disagreed with plaintiffs’ assertions that the case of Bel, supra, was controlling. The court then noted that the language at issue in the Home State policy was ambiguous, and therefore coverage was provided, stating that:
Unlike the language of Bel and Crabtree, the policy provisions of the Home State policy do not clearly define or limit what damages are payable, nor to whom ... Paraphrasing Crabtree, if Home State had intended “bodily injury to one person” to include “all injury, including bodily injury, and damages to others resulting from this bodily injury”, the policy would have so provided.
223 F.Supp.2d at 770.
The Supreme Court has emphasized that coverage determinations should primarily be based on the individual policy provisions. Hardie, supra, 883 So.2d at 514, citing Crabtree, supra, 632 So.2d at 740, wherein the court stated “Because our decision must rest solely on the terms of the insurance contract between the parties.” In this case, the terms of the policy clearly limit coverage for Lejeune damages.
For the above discussed reasons, the judgment of the trial court granting summary judgment and dismissing plaintiffs’ claims against defendant is affirmed. All costs are assessed against plaintifi/appel-lant.

AFFIRMED.

. Prior to the filing of this suit plaintiffs entered into a settlement agreement for the policy limits with the insurance carrier for the driver and owner of the dump truck.

. Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990).

. More specifically, the policy provisions did not provide that "The 'each person' limit includes ... mental anguish and emotional distress suffered by others,” as does the policy in this case.