971 So.2d 407 (2007)
3627 AIRLINE DRIVE, L.L.C.
v.
PARISH OF JEFFERSON c/w
The Parish of Jefferson
v.
3627 Airline Drive, L.L.C. d/b/a Zack's Unfinished Furniture, and Nicholas V. Chisesi.
Nos. 07-CA-339, 07-CA-340.
Court of Appeal of Louisiana, Fifth Circuit.
October 30, 2007.
Timothy S. Madden, John A. Cangelosi, New Orleans, Louisiana, for Plaintiff/Appellee.
Thomas G. Wilkinson, Gretna, Louisiana, and Matthew M. Friedman, Jefferson, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
The Parish of Jefferson has appealed the trial court's grant of summary judgment *408 in favor of the plaintiff in this action for declaratory judgment. For reasons that follow, we affirm the judgment of the trial court.
FACTS:
Plaintiff, 2637 Airline drive, L.L.C., purchased the property at issue in this proceeding from Beach Brothers Furniture Store, Inc. (Beach Brothers) on July 10, 2003. Beach Brothers had operated a furniture store at this location for many years and the principals of the plaintiff company intended to do the same. This tract of land consists of lots A, B, 62, 63, 64, 65, 66, which front on Airline Drive, and lots Y, 17, 18, 19, 20, 21, 22, 23, and 24,[1] which are adjacent to the rear of the Airline Drive lots and front on Johnson Street. The lots fronting on Airline Drive are zoned commercial, (C-2), while the lots fronting on Johnson Street are zoned residential (R-2) with legal non-conforming use rights. In March 2004, Jefferson Parish (the Parish) determined that lots 21 and 22, and portions of lots Y, 17, and 18 had lost their legal non-conforming status due to non-use and lots 19, 20, 23, and 24 do not have legal non-conforming status. The Parish gave plaintiffs notice of its findings and on December 20, 2004, the Parish filed a petition in First Parish Court for the Parish of Jefferson claiming plaintiffs were in violation of certain ordinances by allowing non-permitted use of their property. On December 30, 2004, the plaintiffs filed a Petition for Declaratory Judgment against the Parish claiming that there was no cessation of use of the property for one year and that the lots had not lost their non-conforming status due to nonuse. The plaintiffs sought:
1. A declaration that lots Y, 17, and 18 continue to enjoy legal non-conforming use and that the property and structures on the property be used for commercial purposes.
2. A declaration that lots 19, 20, 21, and 22 continue to enjoy a limited non-conforming use.
3. A declaration that lots 19, 20, 21, and 22 may be used for parking, and as a commercial driveway, including loading and unloading of merchandise.
Thereafter, the action filed by the Parish in First Parish Court was removed to the 24th Judicial District Court for the Parish of Jefferson and the suits were consolidated.
On February 8, 2007, the plaintiffs filed a Motion for Summary Judgment and following a hearing, judgment was rendered in their favor by the trial court. The judgment stated that lots Y, 17, 18, 21, and 22 continue to enjoy a legal non-conforming status to be used as C-2 property including, but not limited to, the loading, unloading and storage of merchandise, and the conducting of business activities. The judgment further stated that lots 19 and 20 continue to enjoy a legal non-conforming status and can be used for parking and the loading, unloading and storage of merchandise. This timely appeal followed.
LAW AND DISCUSSION:
The Parish contends the trial court erred in granting summary judgment when there are issues as to whether the non-conforming use status was lost prior to the sale of the property to plaintiff. The plaintiff responds that the trial court correctly granted summary judgment because the Parish failed to controvert the evidence presented by the plaintiff.
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine *409 issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). The movant bears the burden of proof. La.C.C.P. art. 966(C)(2). An adverse party to a supported Motion for Summary Judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967. Once the Motion for Summary Judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Babin v. Winn-Dixie Louisiana, Inc., XXXX-XXXX (La.6/30/00), 764 So.2d 37.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties Ltd., 93 1480 (La.4/11/94); 634 So.2d 1180.
In its Motion for Summary Judgment, plaintiff acknowledged that Beach Brothers closed their furniture storefront in August 2001, however, plaintiff contends Beach Brothers continued to conduct its furniture business on the premises until it was sold to plaintiff. In support of its motion, plaintiff submitted an affidavit by Michael Beach, who served as the president of Beach Brothers from 1992 until 2003. Mr. Beach attests the following: Beach Brothers commenced operating a furniture store at 3627 Airline Highway (which was later renamed Airline Drive) in May 1946. At that time, the premises consisted of lots B, 62, 63, 64. 65, and part of lot 66, all of which front Airline Highway. In the 1960s, Beach Brothers, acquired lots Y, 17, and 18 that were directly behind the building and front on Johnson Street. In 1966, Beach Brothers expanded the main building onto these lots after approval by the Parish Council. Beach Brothers later acquired lots 21 and 22 and then lots 19 and 20, all of which front on Johnson Street. In April 2001, Beach Brothers opened a store in LaPlace and on June 30, 2001, closed the furniture showroom at 3627 Airline Drive. Following the closure of the showroom, Beach Brothers used the property at 3627 Airline Drive as a warehouse to store furniture, continued to receive deliveries of furniture at this address, continued to deliver furniture to customers from this address, and continued to assemble and repair furniture at this address. Beach Brothers continued to store financial records at this address. Beach Brothers continued to maintain utilities at this address and maintained an occupational license to conduct commercial activities at this address until December 31, 2003. Beach Brothers continued to make payments to Jefferson Parish for items delivered in or sold in the Parish at least until September 2003. Attached to the affidavit were copies of utility bills and their corresponding payments by check and sales tax invoices and their corresponding payments by check.
The Parish responded by memorandum only arguing that Beach Brothers closed in August 2001 and plaintiff's store did not open until July 2003, thus there was a 23 month period in which no business occurred. The Parish argues that while the building may have been used for minimal storage, there was no parking on lots 21 and 22 and no use of lots 19 and 20. The Parish argued that there is an issue of whether Beach Brothers lost the non-conforming status on lots Y, 17, 18, 19, 20, 21, and 22 prior to the sale of the property. The Parish submitted no evidence to support this position with its memorandum.
*410 The plaintiff responded that it did not realize the Parish was going to argue that lots Y, 17, 18, 19, 20, 21, and 22 had lost their non-conforming use with respect to parking, loading and unloading, and use as a driveway for ingress and egress to the property. Since plaintiff was now aware of this argument, plaintiff submitted a supplemental affidavit by Michael Beach attesting the following: After the closure of the Beach Brothers' showroom, lots 21 and 22 continued to be used for parking and the loading and unloading of furniture. Customers and employees continued to use the driveway on lots 21 and 22 to access the parking areas and make deliveries. The portions of lots Y, 17, and 18 not occupied by the main building continued to be used for loading and unloading furniture, parking, and assembly, repair, and storage of furniture in the structure located on these lots behind the main building.
At the hearing on plaintiff's motion, the Parish argued that because the volume of business decreased, the property lost its non-conforming use status. The Parish then went on to refer to a January 30, 2000 decision by the Administration Adjudication Bureau for Public Health, Housing, Fire Code and Environmental Violations of the Department of Inspection and Code Enforcement for the Parish of Jefferson involving this same property. Following an administrative hearing, the hearing officer held that lots 21 and 22 had been used consistently since their acquisition for the parking of vehicles associated with the furniture store and that use may continue as a "limited non-conforming use for parking only, unless it ceases for one year at some time in the future." The order further stated that the portion of the commercial driveway on lot 21 enjoys a legal non-conforming status since it has existed on the property in excess of five years and the legal non-conforming status as a commercial driveway confers the right of Beach Brothers to use the driveway for loading and unloading of furniture. The order further held that Beach Brothers were limited in their use of lots 19, 20, 23, and 24 to those permissive uses in a residential neighborhood. At the summary judgment hearing, the plaintiff's attorney stated that he agreed that lot 20 should only be allowed to be used for parking, but that there is a canopy on lot 19 and this lot should be allowed to receive merchandise and for parking. The plaintiff's attorney explained that his clients were not seeking anything other than what the 2000 administrative adjudication allowed.
The court then asked the attorney for the Parish if he had anything to traverse the affidavits presented by the plaintiff. The attorney for the Parish responded that he had people from the neighborhood civic association who live in the area of the premises. Carol McGovern, who lives on Johnson Street, was called as a representative of the civic association. The Parish introduced a copy of a newspaper advertisement stating that Beach Brothers located at 3627 Airline Highway was going out of business and all inventory had to be removed immediately. Ms. McGovern testified that she had no personal knowledge of "the situation going on at the identified property." She went on to testify that she had not seen any cars parked on lots Y, 17, 18, 19, 20, 21, or 22, nor had she seen any furniture stored under the canopy on lot 19. On cross-examination, Ms. McGovern testified that she is not in a position to refute the assertions contained in Michael Beach's affidavit. During her testimony, the plaintiff's attorney pointed out to the court that in the pretrial order, filed into the record on January 19, 2007 and entered into evidence as support of plaintiff's position during the summary judgment hearing, the Parish stipulated that following the closure of the Beach Brothers' *411 showroom, Beach Brothers continued to maintain an occupational license for the site, continued to warehouse a small amount of inventory at the site and continued to store financial records at the site. He further pointed out that in the opposition memorandum, the Parish stated that taxes, utility bills, and sales and deliveries occurred after the closure of the showroom. The attorney for the Parish then explained that the issue was whether lots 19, 20, 21, and 22 were not used to run the business for twelve consecutive months after the closure of the showroom. At that point, the trial judge pointed out that in the pre-trial order, the Parish stipulated that following the closure of the showroom, "vehicles continue to use the driveway on lots 21 and 22 as a `cut-through' from Johnson Street to Airline Drive."
At the conclusion of the hearing, the trial judge stated that he was granting the motion because the Parish presented no credible evidence to contradict any of the affidavits submitted by plaintiff.
Our de novo review of the motions and memoranda in support of and in opposition to summary judgment, as well as the supporting documents and transcript, indicate the trial court correctly rendered summary judgment in favor of the plaintiff. The plaintiff moved for summary judgment stating that Beach Brothers continued to use the premises to conduct business after the closure of the showroom. In support of this argument, plaintiff submitted affidavits from Michael Beach stating that after the closure of the showroom, Beach Brothers used the property at 3627 Airline Drive as a warehouse to store furniture, to receive deliveries of furniture, to deliver furniture to customers, to assemble and repair furniture, to store financial records, to maintain utilities, and maintained an occupational license to conduct commercial activities at this address until December 31, 2003. The supplemental affidavit stated that lots 21 and 22 continued to be used for parking and delivery purposes after the closure of the showroom. The Parish submitted no evidence to controvert the statements set forth in these sworn affidavits. As stated in La.C.C.P. art. 967, an adverse party to a supported Motion for Summary Judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. After the Parish failed to come forth with opposing affidavits or other evidence, the trial judge allowed the Parish to call witnesses at the motion hearing to controvert plaintiff's affidavits. Even after the witness called by the Parish failed to do so, the trial judge gave the Parish another opportunity to call a witness to controvert the affidavit and the Parish failed to do so. Since there are no material issues in dispute, the plaintiff is entitled to summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Lots 23 and 24 are no longer owned by plaintiff.