989 So.2d 155 (2008)
TURNER INDUSTRIES GROUP, L.L.C. and St. Paul/Travelers Insurance Company
v.
KANSAS CITY SOUTHERN RAILWAY COMPANY, State of Louisiana, through the Department of Transportation and Development, the Parish of St. Charles, St. Charles Parish Sheriff's Office, and St. Charles Parish Communications District.
No. 08-CA-88.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2008.
*156 Patrick A. Talley, Jr., Carl E. Hellmers, III, Louis M. Grossman, Frilot L.L.C., New Orleans, Louisiana, for Plaintiff/Appellant.
S. Gene Fendler, Carol Welborn Reisman, Liskow & Lewis, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and SUSAN M. CHEHARDY.
EDWARD A. DUFRESNE, JR., Chief Judge.
Kansas City Southern Railway Company ("KCS") appeals a summary judgment in favor of Prudential Insurance Company of America ("Prudential"), dismissing KCS' claim for contractual indemnity. For the reasons to follow, we affirm.
The present action stems from a collision that occurred on November 30, 2004 between a KCS train and a tractor trailer owned by plaintiff, Turner Industries Group, L.L.C. ("Turner"). KCS filed its first suit in the United States District Court, Eastern District of Louisiana, against Turner and its driver, and later amended the suit to include Prudential, among others. Turner filed its own suit in the Twenty-Ninth Judicial District Court for damages against KCS, the State of Louisiana, through the Department of Transportation and Development ("DOTD"), the Parish of St. Charles ("St. Charles Parish"), the St. Charles Parish Sheriffs Office, and St. Charles Parish Communications District. Turner alleged that KCS, the DOTD, and St. Charles Parish were all involved in the design and/or construction and maintenance of the crossing and urged numerous instances of alleged negligence. KCS then filed a separate demand in the state court, asserting claims against Turner et al, St. Charles Parish, and Prudential. KCS' claim against Prudential was based on a 1981 contract between Prudential and KCS' predecessor, the Louisiana and Arkansas Railway Company ("LAR"). In 1981, Prudential and LAR entered into a Public Road Crossing Agreement ("the Agreement"), allowing Prudential a servitude of passage across its right of way and track. A roadway was to be constructed to serve an industrial complex known as Riverbend Business Park. Among other pertinent parts, the Agreement contained an indemnity clause in favor of KCS, which clause was the basis of KCS' action against Prudential.
According to the Agreement, Prudential was to construct and maintain the crossing "at its sole cost, risk, and expense." The contract further stated: "Prudential shall indemnify and hold L & A harmless from all claims, actions or demands made by third persons for property damage [sic] bodily injuries, death benefits, or workmen's compensation benefits arising out of the maintenance and operation of the roadway in question and caused by the negligence of Prudential...." Also included in the Agreement was a clause which expressed the intention of Prudential

*157 to timely dedicate the public road leading to and from said crossing, as well as the servitude of crossing, to the public. Accordingly, notwithstanding anything herein to the contrary, in the event the roadway is so dedicated to the public and accepted for public maintenance, Prudential is relieved of any further responsibility under the terms of this Agreement.
Although there was no evidence presented to show the date the roadway was finished, the parties agree the construction was completed on May 15, 1984. In the record is a copy of the Act of Dedication ("the Act") of the roadway from Prudential to St. Charles Parish, and assigning all of its rights, title and interest in the Agreement with LAR, for the benefit of the public. The Act further stated that the Parish assumed full responsibility for the maintenance and operation of the railroad crossing and that Prudential was released from any further liability and responsibility under the LAR agreement. In connection with its motion, Prudential also attached portions of a corporate deposition given by KCS, which indicated that KCS performed some work on the crossing in question sometime in 1997 and billed St. Charles Parish for that work.
Prudential filed a Motion for Summary Judgment, urging that it had dedicated the roadway for public use prior to the accident and that it was released from any further liability arising out of the crossing. Prudential also urged that any claim for defective design, construction, or maintenance claims had prescribed. Following a hearing, the trial court granted Prudential's motion and dismissed it from the proceedings. KCS appeals from this judgment.
KCS argues that the Act did not relieve Prudential of responsibility because KCS was not a party to the Act and there was no evidence that it approved the Act. It further argues the Act did not excuse Prudential from responsibility for any problems with the original design or construction of the crossing, but only for further maintenance and operation obligations. KCS urges it is a question of fact whether the accident was the result of a design issue, negligence of the tractor-trailer operator, or some other fault, as well as whether the Act assigned liability to St. Charles Parish for any negligence of Prudential.
The standard for review of a ruling on a summary judgment is de novo.[1]
Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). The movant bears the burden of proof. La.C.C.P. art. 966(C)(2). An adverse party to a supported Motion for Summary Judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La.C.C.P. art. 967. Once the Motion for Summary Judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.[2]
*158 KCS, citing LSA-C.C. art. 1821, argues the district court erred in finding that the Act, together with the Agreement, was sufficient to effect a novation as between St. Charles Parish and Prudential. In its oral reasons for judgment, the trial court dismissed the action as pre-empted under LSA-R.S. 9:2772 and did not discuss novation or C.C. art. 1821. The court also found no evidence of design defect or negligence had been advanced by KCS.
The determination of whether a contract is clear or ambiguous is a question of law.[3] Moreover, when a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate.[4] When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046. Indemnity agreements are strictly construed and the party seeking to enforce such an agreement bears the burden of proof.[5]
Our de novo examination reveals KCS failed to carry its burden of proof. The terms of both the Agreement and the Act are clear and disclose no ambiguities. At the outset, we note Prudential's indemnification agreement with LAR would arise for injuries caused by the negligence of Prudential. As the trial court found, KCS advanced no evidence or facts indicating negligence on the part of Prudential so as to trigger the indemnity clause. Secondly, the Agreement discloses that Prudential and KCS' predecessor expressly agreed Prudential would, at some point, dedicate the roadway to the public and that "notwithstanding anything herein to the contrary," at that time Prudential would be relieved of any further responsibility under the Agreement. In brief, KCS acknowledges its consent "found within the original agreement;" KCS clearly agreed that Prudential would be discharged upon dedication of the crossing.
The clear and unequivocal language of the Agreement shows that Prudential's indemnity obligation ceased when it dedicated the roadway. KCS obviously understood the crossing's status and acted in accordance with the Agreement and the Act when it billed St. Charles Parish for work it had done on the crossing in 1997.
We further agree with the trial court and determine that the matter is resolved under LSA-R.S. 9:2772. That article states:
A. No action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing *159 or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9):
(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
(b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.
(2) If the person performing or furnishing the land surveying services, as such term is defined in R.S. 37:682, does not render the services preparatory to construction, or if the person furnishing such services or the design and planning preparatory to construction does not perform any inspection of the work, more than five years after he has completed the surveying or the design and planning with regard to actions against that person.
B. (1) The causes which are perempted within the time described above include any action:
(a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).
(b) For damage to property, movable or immovable, arising out of any such deficiency.
(c) For injury to the person or for wrongful death arising out of any such deficiency.
(d) Brought against a person for the action or failure to act of his employees.
(2) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.
(3) This peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.
C. If such an injury to the property or to the person or if such a wrongful death occurs during the fifth year after the date set forth in Subsection A, an action to recover the damages thereby suffered may be brought within one year after the date of the injury, but in no event more than six years after the date set forth in Subsection A, even if the wrongful death results thereafter.
D. Actions for the causes enumerated in Subsection B of this Section, against the persons enumerated in Subsection A of this Section, shall prescribe by the applicable prescriptive periods established by law for such actions.
E. The peremptive period provided by this Section shall not be asserted by way of defense by a person in possession or control, as owner, lessor, tenant, or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury, damage, or death sued upon with regard to any cause of action arising out of the alleged delict, *160 quasi delict, or obligation of any such person arising out of his possession or control of the property.
F. Nothing in this Section shall be construed as modifying the liability or responsibility otherwise imposed by law on the owner of an immovable or the possessor, lessor or lessee of an immovable, by reason of the design, planning, supervision, inspection or observation of construction, or construction of improvements to immovable property.
G. Causes of action arising from the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, if not performed preparatory to construction, which exist prior to September 11, 1981, shall be perempted one year from said date or by the applicable peremptive period established by this Section, whichever is later.
H. (1) The peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon. The provisions of this Subsection shall be retroactive.
(2) In any such action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues.
(3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.
I. Nothing in this Section shall be construed as limiting or modifying the non-liability of contractors for destruction or deterioration of, or defects in, any work, as provided in R.S. 9:2771.
(Emphasis supplied.)
KCS avers that the statute applies only to contractors or land surveyors. The evidence shows that Prudential is the party that designed and constructed the roadway, an improvement to immovable property, and comes under the scope of the preemption period expressed in that statute.
For the foregoing reasons, the judgment is affirmed. KCS is assessed costs of this appeal.
AFFIRMED.
NOTES
[1] Alwell v. Meadowcrest Hosp., Inc., 07-376 (La.App. 5 Cir. 10/30/07), 971 So.2d 411 (citations omitted).
[2] 3627 Airline Drive, L.L.C. v. Parish of Jefferson, 07-339 (La.App. 5 Cir. 10/30/07), 971 So.2d 407, 408-09, writ denied, 2007-2284 (La. 1/25/08), 973 So.2d 760.
[3] Sims v. Mulhearn Funeral Home, Inc., XXXX-XXXX (La.5/22/07), 956 So.2d 583.
[4] Id.
[5] McGill v. Cochran-Sysco Foods, 35,898 (La. App. 2 Cir. 5/8/02), 818 So.2d 301; Robin v. Wong, XXXX-XXXX (La.App. 4 Cir. 10/24/07), 971 So.2d 386, writ denied, 2007-2245 (La. 1/11/08), 972 So.2d 1169.