MARION F. EDWARDS, Chief Judge.
 

 12Pefendant/appellant, Christopher P. Adams, appeals a judgment of the district court in favor of plaintiff/appellee, Loch Leven Protection, LLC, and against him, in the amount of $41,768.42, and attorney’s fees in the amount of $2000.
 

 “Loch Leven” is a parcel of property in the State of Mississippi consisting of 8000 acres on the Mississippi River. Loch Le-ven Protection, LLC (“Loch Leven”) is a Louisiana Limited Liability Company, created in 2006 to provide for the maintenance, control, and preservation of the properties within the parcel, as well as of the Levee and Reservoir that protect those properties. The “fee simple” ownership of the properties determines the membership of the Company, and each tract owner must be a member.
 

 Chad Adams and Christopher Adams are co-owners in indivisión of two tracts of land in Loch Leven, Tracts 2-A and 2-B. According to Loch Leven’s Operating Agreement, each year the members vote on an annual assessment based on the budget to maintain the levee and reservoir as prepared by the company manager. The Agreement states that “The total annual Assessments shall be |sallocated to Tracts based upon their percentage of Ownership Interest.” According to Exhibit “D” of the Agreement, the ownership of Tract 2-A represents a 1/14 ownership interest in the company, as does the ownership of Tract 2-B.
 

 In 2008, a budget was voted on and approved, and assessments of $16,792.57 were allocated to both Tracts 2-A and 2-B. The 2009 allocation for each tract was $8,091.63. Thus, the total owed for 2008-
 
 *966
 
 09 was $49,768.42 toward which, it was alleged, the Adams paid $8000. Loch Le-ven filed suit for the balance owed, $41,768.42. Eventually, Loch Leven moved for summary judgment, alleging that the Adams jointly own 2/14 of Loch Leven, and sought to hold Christopher and Chad Adams solidarily liable for the entire sum. The lawsuit was stayed as to Chad Adams, who (at some point) filed for bankruptcy. Christopher Adams opposed the motion, urging that, although the membership interest is held in indivisión with Chad, the joint obligation is not indivisible. He urged that he owns only an undivided 1/14 membership interest, and that his share of the annual assessments is limited to 1/14 of the budgeted common expenses.
 

 Following a hearing on the matter, the trial court granted summary judgment in favor of Loch Leven and against Christopher Adams for the entire assessment, plus attorney’s fees. The court orally stated that the obligation was solidary and “a common benefit” for both Chad and Christopher Adams.
 

 On appeal, Christopher Adams urges that the operating agreement contains no provisions imposing solidary liability on the portion of an annual assessment owed by another member. He argues that the agreement does not include any provisions making co-owners of tracts of land solidar-ily obligated with each other for the total portions of assessments allocated to those eo-owned tracts. Christopher Adams additionally contends that the judgment “contravenes” various Louisiana Civil Code articles. He does not contest his ownership in indivisión; Lrather, he urges that such ownership does not translate to a solidary obligation. He argues that the obligation to pay the assessment is divisible under La. C.C. art. 1815: “An obligation is divisible when the object of the performance is susceptible of division. An obligation is indivisible when the object of the performance, because of its nature or because of the intent of the parties, is not susceptible of division.”
 

 The standard for review of a ruling on a summary judgment is de novo. Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The movant bears the burden of proof. La. C.C.P. art. 966(C)(2). An adverse party to a supported Motion for Summary Judgment may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact for trial. La. C.C.P. art. 967. Once the Motion for Summary Judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 [1]
 

 In connection with its motion, Loch Le-ven submitted a copy of the company’s Operating Agreement. In the definition section of the Agreement, which was signed by both Chad and Christopher Adams, a tract owner is “the record owner, whether by one or more persons or entities, of fee simple title to a Tract.” The following definitions are also pertinent: “Member” means “any person or entity which shall be an Owner of a Tract;” “Assessment” means “a Tract Owner’s share
 
 *967
 
 of the amount required for payment of the Common Expenses Land Individual Assessments;” and “Ownership Interest” means “the percentage interest in the Company owned by each Member as set forth in Exhibit D, represented by a fraction, the numerator of which is the number of Units owned by the Member, and the denominator of which is equal to the total number of Units outstanding.” Exhibit D to the agreement, titled “Units; Ownership Interest” shows each “member,” the tract owned, the number of units owned, and ownership interest in the company. On that document, co-owners Christopher Adams and Chad Adams are shown (jointly and collectively) as a member or members who own Tract 2-A and 2-B; both jointly own 100 units per tract and a 1/14 ownership interest in the company, again, per tract.
 

 Loch Leven also submitted Salvadore C. Piazza’s affidavit. Piazza is the managing member of the company. Piazza attested that Christopher and Chad Adams co-owned 2 units of Loch Leven, Tracts 2-A and 2-B, in indivisión, and confirmed that the assessment for 2008 was $16,792.58 per unit, and for 2009, it was $8,091.63 per unit. Christopher Adams did not submit any opposing documents.
 

 Ownership of the same thing by two or more persons is ownership in indivisión. La. C.C. art. 797. An obligation is solidary for the obligors when each obligor is liable for the whole performance. See, La. C.C. art. 1794. Solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties’ intent or from the law. See, La. C.C. art. 1796.
 

 Under C.C. art. 1794, a solidary obligation exists when the obligors: (1) are obliged to the same thing, (2) so that each may be compelled for the whole, and (3) when payment by one exonerates the other from liability toward the creditor.
 
 [2]
 
 It is | f,the coextensiveness of the obligations for the same debt which creates the solidarity of the obligation.
 
 [3]
 

 Although we agree with Christopher Adams that money and the payment thereof is, by its nature, susceptible to division under La. C.C. art. 1815, straight application of that article ignores the obligation as imposed by the Operating Agreement. La. C.C. art. 1815 provides that an object can also be indivisible because the parties so intended. Thus, even where an object by its nature may be rendered in parts, it must be performed as a whole where it is indivisible because of the parties’ intent.
 
 [4]
 

 In the present case, the obligations of Christopher and Chad Adams are governed by the Agreement. When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate.
 
 [5]
 

 We find it is clear from the evidence that Chad and Christopher Adams own an undivided interest in Tract 2-A and an
 
 *968
 
 undivided interest in Tract 2-B; that a single initial capital contribution was made by both for each tract; that both jointly own 100 units of the company per tract; and that both have an ownership interest of 1/14 for each tract. According to the Agreement, liability is not assessed against the members. Article 6.1 of the Agreement provides the assessments are allocated to the Tracts, rather than to the Members. Article 6.5 provides for remedies for past due assessments against the Tract or Owner, again, not against Members.
 

 | -/There is nothing in evidence to indicate that the co-owners intended to be responsible only for their pro-rata portions of the assessments, or of any debts relating to the property. Pursuant to the Agreement, Chad and Christopher Adams both agreed to be liable for the same thing, that is, payment of the assessment against the tracts. The obligation is coextensive. Thus, they are solidarily liable for the sums due.
 

 For the foregoing reasons, we affirm the grant of summary judgment in favor of Loch Leven.
 

 AFFIRMED
 

 [1]
 

 .
 
 Turner Indus. Group, L.L.C. v. Kansas City S. Ry. Co.,
 
 08-88 (La.App. 5 Cir. 6/19/08), 989 So.2d 155.
 

 [2]
 

 .
 
 Cutsinger v. Redfern,
 
 08-2607 (La.5/22/09), 12 So.3d 945 (La.2009) (citing
 
 Bellard v. Am. Cent. Ins. Co.,
 
 07-1335 (La.4/18/08), 980 So.2d 654).
 

 [3]
 

 .
 
 Cutsinger v. Redfern, supra.
 

 [4]
 

 .
 
 Berlier v. A.P. Green Indus., Inc.,
 
 01-1530 (La.4/3/02), 815 So.2d 39.
 

 [5]
 

 . Sims v. Mulhearn Funeral Home, Inc.,
 
 07-0054 (La.5/22/07), 956 So.2d 583.
 
 See also, Young v. La. Farm Bureau Cas. Ins. Co.,
 
 04-1343 (La.App. 5 Cir. 3/1/05), 900 So.2d 106,
 
 writ denied,
 
 05-0833 (La.5/13/05), 902 So.2d 1026;
 
 Turner Indus. v. Kansas City S. Ry., supra.